FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 19 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN MASON et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:09-cv-00734-RCJ-VPC |
| vs. ) | |
| ) | |
| COUNTRYWIDE HOME LOANS, INC. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This is a standard foreclosure case involving four properties belonging to four sets of Plaintiffs. The Complaint is a forty-five-page MERS-conspiracy-type complaint listing six causes of action.

Eleven motions are pending before the Court: six motions to dismiss, two motions to expunge the lis pendens, one motion to remand, one motion to stay, and one motion to temporarily enjoin foreclosure. Five of the motions are moot. Motion 34 is moot because the event until which the movant requested a stay has now passed. Motions 33, 41, 42, and 43 are moot because they are motions to dismiss that have been superseded by the respective movants' new motions to dismiss only the causes of action remanded from MDL Case No. 2119. Judge Teilborg has partially remanded the case from MDL Case No. 2119. (*See* Order 8:24–9:2, June 4, 2010, ECF No. 62). The Court may rule on the following causes of action: (5) Unjust Enrichment; and (6) Injunctive Relief, Declaratory Relief, and Reformation. *See id.* Finally,

John and Bianca Mason are no longer parties, and the case is stayed as to Clyde and Mary Kelley, who have filed for bankruptcy.

## I. THE PROPERTIES

### A. The Van Blaircom Property

Michael D. Van Blaircom gave mortgages for $417,000 and $117,000 to First Magnus Financial Corp. ("First Magnus") to purchase his home at 4971 Domaine Dr., Sparks, NV 89436. (*See* First Deed of Trust ("DOT") 1–3, ECF No. 66-5; Second Deed of Trust ("SDOT"), ECF No. 66-6). The trustee was Stewart Title of Northern Nevada ("Stewart"). Cal-Western Reserve Reconveyance Corp. ("Cal-Western") filed the Notice of Default ("NOD") on October 14, 2008 based on a default of unspecified amount as of July 1, 2008. (*See* NOD 1–2, Oct. 13, 2008, ECF No. 66-8). There is no indication in the record of who substituted Cal-Western as trustee, or when. A trustee's sale was eventually held on October 15, 2009. (Trustee's Deed Upon Sale, ECF No. 66-11).

Except for the statutory defect in foreclosure supporting an injunction, *see* Nev. Rev. Stat. § 107.080(2)(c), there are no meritorious claims. Unjust enrichment cannot lie where there is a contract, as here. *See Marsh*, 839 P.2d at 613 (citing *Lipshie*, 566 P.2d at 824; 66 Am. Jur. 2d *Restitution* §§ 6, 11 (1973)). Nor is there any action for reformation, because Plaintiff does not allege that the contracts fail to represent the intent of the parties due to any mutual failure to express that intent in the writing. *See Transaero Land & Dev. Co.*, 842 P.2d at 718; Restatement (Second) of Contracts § 155.

### B. The Ubhoff Property

Brodie L. and Angelina D. Ubhoff allege they gave a $479,462 mortgage to IntoHomes Mortgage Services, Inc. ("IntoHomes") on an unspecified date to purchase their home at 12405 Ocean View Dr., Sparks, NV. (Compl. ¶ 38). Plaintiffs allege Executive Trustee Services, LLC has initiated a foreclosure. There are no documents in the record indicating any foreclosure or

1  that an improper entity foreclosed. Nor are there any meritorious claims pled. Unjust
2  enrichment cannot lie where there is a contract, as here. *See Marsh*, 839 P.2d at 613 (citing
3  *Lipshie*, 566 P.2d at 824; 66 Am. Jur. 2d *Restitution* §§ 6, 11 (1973)). There is no claim of
4  statutory defect in foreclosure, and no paperwork attached making such a defect plausible. Nor
5  is there any action for reformation, because Plaintiffs do not allege that the contracts fail to
6  represent the intent of the parties due to any mutual failure to express that intent in the writing.
7  *See Transaero Land & Dev. Co.*, 842 P.2d at 718; Restatement (Second) of Contracts § 155.

### C. Remand

The Motion to Remand (ECF No. 25) will be denied, because it does not allege a lack of complete diversity but only an alleged failure to satisfy the $75,000 amount-in-controversy requirement, an amount the case satisfies because of the value of the properties that are the subject matter of the suit.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 25) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 34), QLS's Motion to Dismiss (ECF No. 33), ETS's and GMAC's Motion to Dismiss (ECF No. 41), and Aurora's Motion to Dismiss and to Expunge Lis Pendens (ECF Nos. 42, 43) are DENIED as moot.

IT IS FURTHER ORDERED that QLS's Motion to Dismiss (ECF No. 65) is DENIED without prejudice due to the Kelley's bankruptcy.

IT IS FURTHER ORDERED that Aurora's Motion to Dismiss (ECF No. 66) is DENIED without prejudice as to the Kelleys due to their bankruptcy. The motion is GRANTED in part and DENIED in part as to Van Blaircom. All claims are dismissed except the claim for injunctive relief due to statutorily defective foreclosure.

IT IS FURTHER ORDERED that ETS's and GMAC's Motion to Dismiss (ECF No. 68) is GRANTED.

1    IT IS FURTHER ORDERED that Aurora's Motion to Expunge Lis Pendens (ECF No. 67) is DENIED, because some claims remain in MDL Case No. 2119.

IT IS FURTHER ORDERED that Kelley's Motion for TRO (ECF No. 49) is DENIED without prejudice. Kelley must make this motion in the Bankruptcy Court.

IT IS FURTHER ORDERED that Defendants will submit a proposed order concerning mediation and interim payments with respect to the Van Blaircom Property, in accordance with the Court's instructions at the hearing.

IT IS SO ORDERED.

Dated this 19th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge