FILED _____ _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 2 1 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHN MASON and BIANCA MASON,
CLYDE KELLEY and MARY KELLEY,
MICHAEL D. VAN BLAIRCOM, and
BRODIE L. UBHOFF and ANGELINA D.
UBHOFF,
       Plaintiffs,

vs.

COUNTRYWIDE HOME LOANS, BANK
OF AMERICA, RECONTRUST COMPANY,
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AURORA LOAN SERVICES, QUALITY
LOAN SERVICE CORP., CAL-WESTERN
RECONVEYANCE CORPORATION,
GMAC, EXECUTIVE TRUSTEE
SERVICES, LLC,
      Defendants.

Case No:  3:09-cv-000734-RCJ-VPC

**ORDER AFTER HEARING OF
JANUARY 3, 2011**

A Hearing was held on January 3, 2011 before the Honorable Robert C. Jones, on the following Motions: Defendant MERS' Motion to Stay All Proceedings and for Extension of Time to Answer or Otherwise Respond to the Complaint Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation (Doc. 34); Plaintiffs' Motion to Remand to State Court (Doc. 25); Defendant Executive Trustee Services, LLC's and GMAC Mortgage, LLC's Motion to Dismiss Complaint (Doc. 41); Defendant Executive Trustee Services, LLC's and GMAC Mortgage, LLC's Motion to Dismiss Complaint (Doc. 68); Defendant Aurora Services, LLC's Motion to Expunge Lis Pendens (Doc. 43); Defendant Quality Loan Service Corp.'s Motion to Dismiss (Doc.

65); Plaintiffs' Motion for Temporary Restraining Order (Doc. 49); Defendant Aurora Services, LLC's Motion to Expunge Lis Pendens (Doc. 67); Defendant Aurora Services, LLC's Motion to Dismiss (Doc. 66); and, Defendant Quality Loan Services Motion to Dismiss (Doc. 33).

Present at the Hearing was Robert R. Hager, Esq. and Treva J. Hearne, Esq. representing the Plaintiffs; Colt Dodrill, Esq. representing Aurora Loan Services, LLC.; Seth Adams, Esq. representing Quality Loan Service Corp.; and, Gregg Hubley, Esq. representing Defendant GMAC Mortgage, LLC.

The Court shared preliminary inclinations and heard argument from Counsel. The Court was advised that the Plaintiffs Kelley have filed Chapter 13 bankruptcy. Discussion was held with regard to a potential statutory defect in the foreclosures. The Court invites the filing of a Motion to correct the record in that regard.

The Court having heard from the parties and for reasons as set forth on the record, IT IS HEREBY ORDERED:

1. The Motion to Remand (Doc. 25) is DENIED.

2. The Motion to Stay (Doc. 34) is DENIED.

3. Quality Loan Services' Motion to Dismiss (Doc. 33), Executive Truste Services and GMAC's Motion to Dismiss (Doc. 41), Aurora's Motion to Dismiss (Doc. 42) and Aurora's Motion to Expunge Lis Pendens (Doc. 43) are DENIED AS MOOT.

/ / /

/ / /

/ / /

4. Quality Loan Services' Motion to Dismiss (Doc. 65), Aurora's Motion to Dismiss (Doc. 66), and Executive Trustee Services and GMAC's Motion to Dismiss (Doc. 68) are GRANTED IN PART and DENIED IN PART. All claims for relief are DISMISSED except for the First Claim for Relief; to-wit: Wrongful Foreclosure.

5. Aurora's Motion to Expunge Lis Pendens (Doc. 67) is DENIED.

6. Plaintiffs Kelly's Motion for Temporary Restraining Order (Doc. 49) IS DENIED.

7. Plaintiffs Clyde and Mary Kelley are DISMISSED from this case.

8. With respect to Plaintiffs' Ubhoff and Van Blaircom, the Court GRANTS their request for Injunctive Relief of 120 days, contingent upon the conditions as set forth hereinbelow.

9. The foreclosure sale of the Van Blaircom property is hereby set aside.

10. The parties shall participate in a foreclosure mediation program for loan modification in good faith and in the following manner: (a) The Defendants are to set the mediation within thirty (30) days of the date of this Order, (b) Defendants are to have present at the mediation a person who is, or is the agent for, the beneficiary of the Note; shall bring with them documentation to prove the agency and beneficiary capacity; and, have authority to modify the Note on the subject properties in both payment and principle.

11. The Plaintiffs shall participate in the mediation on the following conditions: (a) Plaintiffs shall attend the mediation in person; (b)Plaintiffs shall make up to three (3) mortgage payments, the first due February 1, 2011, until the Mediation is concluded; (c) Plaintiff are allowed to pay the payments to the Court to be held by the Court in the event there is no resolution by the parties regarding to what

entity the payments are made; and, (d) Plaintiffs shall produce one (1) week prior to the scheduled mediation the most recent preceding years worth of income / expense documents for review by the Defendants.

IT IS SO ORDERED.

DATED this 20th day of January, 2011.

DISTRICT JUDGE