# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOHN MASON et al., | ) | |
| Plaintiffs, | ) | |
| | ) | 3:09-cv-00734-RCJ-VPC |
| vs. | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This is a standard foreclosure case involving four properties belonging to four sets of Plaintiffs: the Masons, the Kelleys, the Ubhoffs, and Van Blaircom. The Masons and the Kelleys are no longer part of the case. The Complaint is a forty-five-page MERS-conspiracy-type complaint listing six causes of action. The case is not part of MDL Case No. 2119. As to the Ubhoffs and Van Blaircom, the Court previously dismissed all claims except those for statutorily defective foreclosure, preliminarily enjoined foreclosure for 120 days based upon those claims, required mediation, and required up to three equitable interim payments beginning on February 1, 2011 until mediation was concluded. Defendants now ask the Court to lift the preliminary injunction or compel payment because although Plaintiff made one interim payment to the Court on February 1, (*see* Certificate of Cash Deposit, Feb. 1, 2011, ECF No. 87), as permitted by the order, (*see* Order 3, Jan. 20, 2011, ECF No. 83), Plaintiff has made no March payment to either Aurora Loan Services or the Court. Plaintiff has not responded to the present

1  motion.

2  Defendants have also filed a motion to amend or correct the Court's second order.
3  Plaintiffs have not responded. Defendants note that the Court issued an omnibus order after the
4  January 3, 2011 hearing in which it declared that there was no plausible claim of statutorily
5  defective foreclosure as to the Ubhoffs's property. (*See* Order, Jan. 19, 2011, ECF No. 82). The
6  Court required mediation and interim payments only as to the Van Blaircom property. (*See id.*).
7  But Defendants submitted a proposed order, which the Court signed, that included the Ubhoff
8  property in the injunction. (*See* Order, Jan. 20, 2011, ECF No. 83). Defendants now ask the
9  Court to set aside or amend the second order, which is inconsistent with the first.

## CONCLUSION

11  IT IS HEREBY ORDERED that the preliminary injunction is LIFTED.

12  IT IS FURTHER ORDERED that Van Blaircom's case is DISMISSED for failure to
13  comply with the Court's order.

14  IT IS FURTHER ORDERED that any lis pendens on the property located at 4971
15  Domaine Dr., Sparks, Nevada related to this case is EXPUNGED.

16  IT IS FURTHER ORDERED that the Clerk shall return Van Blaircom's cash deposit.

17  IT IS FURTHER ORDERED that the order of January 20, 2011 (ECF No. 83) is set
18  aside, and any lis pendens on the property located at 12405 Ocean View Dr., Sparks, Nevada
19  related to this case is EXPUNGED.

20  IT IS FURTHER ORDERED that all other pending motions are DENIED as moot.

21  IT IS SO ORDERED.

22  Dated this 25th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge