**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN MASON et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 3:09-cv-00734-RCJ-VPC |
| vs. ) | |
| ) | |
| COUNTRYWIDE HOME LOANS, INC. et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

This is a standard foreclosure case involving four properties belonging to four sets of Plaintiffs: the Masons, the Kelleys, the Ubhoffs, and Van Blaircom. The case is not part of MDL Case No. 2119 in the District of Arizona. The Masons and the Kelleys are no longer part of the case. As to the Ubhoffs and Van Blaircom, the Court dismissed all claims except those for statutorily defective foreclosure, preliminarily enjoined foreclosure based upon those claims, required mediation, and required up to three equitable interim payments beginning on February 1, 2011 until mediation was concluded. Defendants asked the Court to lift the preliminary injunction or compel payment as to Van Blaircom because although Van Blaircom had made one interim payment to the Court on February 1, (*see* Certificate of Cash Deposit, Feb. 1, 2011, ECF No. 87), as permitted by the order, (*see* Order 3, Jan. 20, 2011, ECF No. 83), Van Blaircom made no March payment to either Defendant Aurora Loan Services, LLC ("Aurora") or to the Court. Defendants also filed a motion to amend or correct one of the Court's orders. Plaintiffs

did not respond.

Van Blaircom has now moved for the Court to set aside its order dismissing as to Van Blaircom and lifting the injunction as to his property. Counsel for Van Blaircom claims that it received no notice of the motion to lift the injunction, even though it was filed electronically and counsel is registered as an e-filer, as required by local rule. Counsel also claims that Van Blaircom paid all payments that were due "in the manner directed by his counsel." They therefore ask the Court to set aside its order lifting the injunction and return the parties to the status quo before the order (an injunction against sale, mediation, and interim payments).

At oral argument on January 3, 2011, the Court indicated that it would permit Van Blaircom's claim for statutorily defective foreclosure to proceed and that it would grant a preliminary injunction pending mediation and interim payments, and that counsel should submit proposed orders concerning the injunction. (*See* Mins., Jan. 3, 2011, ECF No. 80). Two weeks later, and before any party had submitted a proposed order, the Court entered its written order, which directed *Defendants* to submit the order concerning the injunction. (*See* Order 4:5–7, Jan. 19, 2011, ECF No. 82). Plaintiffs submitted a proposed order, however, which permitted payments directly to the Court, and the Court signed that order. (*See* Order 3:26–27, Jan. 20, 2011, ECF No. 83). Aurora then submitted its proposed order, which stated, "The INJUNCTION is contingent on Plaintiffs providing to Aurora, via its counsel, $2,773.16 by check made payable to Aurora Loan Services, beginning on February 1, 2011 and every thirty (30) days thereafter for no less than ninety (90) days." (Proposed Order 2:7–9, Jan. 31, 2011, ECF No. 84). But the Court never signed Aurora's proposed order. The next day, counsel deposited with the court $2774 on behalf of Van Blaircom. (*See* Certificate of Cash Deposit).

Aurora moved to lift the injunction for noncompliance, because Van Blaircom had never paid any payments directly to Aurora, and even if he were permitted to make payments to the Court, he only made one timely payment on February 1. The Court granted the motion. Van

1 Blaircom now asks the Court to reconsider.  The Court finds that Van Blaircom's payment to the
2 Court rather than to Aurora was proper, because the Court had signed Plaintiffs' proposed order
3 permitting such a payment and had not signed Aurora's proposed order requiring direct payment.
4 However, this does not excuse the failure to make interim payments on March 1 and April 1.
5 Payments were due February 1, March 1, and April 1 even under Plaintiffs' own order, which the
6 Court signed.  Van Blaircom has apparently made only one payment to the Court on February 1
7 and has made no payment since.

8      At oral argument, Van Blaircom's counsel asserted that Van Blaircom had made three
9 payments.  Defendants correctly noted that Van Blaircom had only made one payment, but that
10 the *Ubhoffs* had made several payments.  Counsel's explanation in reply that the Ubhoff
11 payments had only accidentally listed the Ubhoffs but were meant to be made on behalf of Van
12 Blaircom does not make sense, because the Ubhoff payments were for $2161, whereas Van
13 Blaircom's monthly payments were to be for $2774.

**CONCLUSION**

15      IT IS HEREBY ORDERED that the Motion to Set Aside Order (ECF No. 94) is
16 DENIED.

17      IT IS SO ORDERED.
18 Dated this 5th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge