# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN MASON et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br>COUNTRYWIDE HOME LOANS, INC. et al., ) <br> ) <br> Defendants. ) <br> ) | 3:09-cv-00734-RCJ-VPC<br><br>**ORDER** |

This is a foreclosure case involving four properties belonging to four sets of Plaintiffs: the Masons, the Kelleys, the Ubhoffs, and Van Blaircom. The Ubhoffs ("Plaintiffs") are the only remaining Plaintiffs. The Court previously dismissed all of their claims except those for statutorily defective foreclosure, preliminarily enjoined foreclosure based upon those claims, required mediation, and required up to three equitable interim payments beginning on February 1, 2011 until mediation was concluded. In 2012, Plaintiffs filed a motion explaining that mediation had failed and requesting a return of the three interim payments they paid into the registry of the Court, totaling $6483. The Court denied the motion.

In response to the Court's notice that it would dismiss for lack of prosecution if no activity were soon taken in the case, Plaintiffs have filed a second motion requesting a return of the interim payments, noting that the property has since been sold at a short sale. The Court denies the motion for two reasons. First, the motion is untimely under either Rule 59(e) or 60(b),

1  and Plaintiffs identify no basis for reconsideration under either rule.  Second, the reason the
2  Court permitted Plaintiffs to make the interim payments to the registry of the Court (as opposed
3  to the beneficiary of the promissory note or the loan servicer) was not because there was any
4  doubt that the payments were owed, but because Plaintiffs alleged they did not know to whom to
5  make the payments.  The payments were not a bond.  They belong to the beneficiary of the note
6  at the time they were made, or to that entity's successor-in-interest.  Indeed, Plaintiffs can no
7  longer claim confusion over the identity of the proper beneficiary of the payments, as the short
8  sale approval letter adduced with the present motion indicates that JP Morgan Chase Bank, N.A.
9  was the recipient of the proceeds of the short sale.  That entity therefore appears to have been the
10 beneficiary of the note and deed of trust when those instruments were extinguished at the close of
11 escrow of the short sale.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Release of Funds (ECF No. 111) is DENIED.

IT IS FURTHER ORDERED that the case is DISMISSED for lack of prosecution, and the Clerk shall enter judgment and close the case.

IT IS FURTHER ORDERED that Plaintiffs' counsel shall serve a copy of this Order on JP Morgan Chase Bank, N.A. and file a certificate of service within 30 days of the entry of this Order into the electronic docket.

IT IS SO ORDERED.

DATED: June 1, 2015.

_____
ROBERT C. JONES
United States District Judge